The NEW WEST CORPORATION, a
California Corporation, dba New
West, Plaintiff,

v.

NYM COMPANY OF CALIFORNIA, INC.,
a California limited partnership, dba
New West Magazine, Defendant.

NYM COMPANY OF CALIFORNIA, a
California limited partnership, dba New
West Magazine, Counterclaimant,

v.

The NEW WEST CORPORATION, a
California Corporation,
Counterdefendant.

No. 76–1109–AAH.

United States District Court,
C. D. California.

Aug. 23, 1976.

A. *Jurisdiction.*

1. Plaintiff and counter-defendant The New West Corporation (herein "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in Laguna Beach, California.

2. Defendant and counterclaimant NYM Company of California (herein "Defendant") is a limited partnership organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California and doing business under the name New West Magazine. Defendant's general partner is New West Magazine, a corporation organized and existing under the laws of the State of California.

3. This action was commenced on March 26, 1976 when plaintiff filed in the Superior Court of the State of California for the County of Orange (Orange County Superior Court Case No. 243953). Defendant removed the action to the United States District Court for the Central District of California on April 5, 1976. An answer and counterclaim was filed on April 15, 1976.

4. Jurisdiction of this Court for both the principal action and the counterclaim is based on 15 U.S.C. Section 1121 and principals of pendent jurisdiction.

Jessup & Beecher by Keith D. Beecher, Los Angeles, Cal., for plaintiff.

Lillick, McHose & Charles, Los Angeles, Cal., for defendant.

DEFENDANT AND COUNTERCLAIMANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

HAUK, District Judge.

I

FINDINGS OF FACT

There is no genuine issue with regard to the following material facts:

B. *Defendant's Actions.*

1. On June 5, 1975, defendant adopted the name NEW WEST as the title of a new West Coast magazine which it intended to pattern after its existing NEW YORK Magazine. On June 25, 1975, defendant's trademark counsel confirmed that the trademark and trade name NEW WEST was available for the new magazine.

2. A logo for defendant's NEW WEST MAGAZINE was prepared on or about September 18, 1975 and was adopted by defendant on September 25, 1975.

3. During the period September 1, 1975 through January 20, 1976, defendant proceeded with the activities prerequisite to

launching the new publication. Discussions were held with potential advertisers, distributors and public relations concerns.

4. On December 9, 1975 a dummy issue of defendant's NEW WEST MAGAZINE was shown to the Board of Directors of the parent company of defendant's general partner which authorized the funds required for a direct mailing solicitation to over 400,000 potential subscribers. Other copies of the dummy issue were transported in December 1975 to trademark counsel in Washington, D.C. and to advertising agencies in Connecticut and California.

5. Defendant's dummy issue is a mockup of its eventual magazine. It contains sample advertising and editorial copy and is bound in a four-color cover bearing the NEW WEST logo as it actually appeared in regular issues.

6. Defendant filed a trademark application for the NEW WEST mark on December 23, 1975, which application was opposed by plaintiff in June, 1976.

7. On January 20, 1976, defendant publicly announced by way of a press release that the publishers of New York Magazine intended to publish a West Coast periodical entitled "New West."

8. On January 24, 1976, a 430,000 piece direct mail solicitation using the New West logo on exemplar covers was mailed to metropolitan areas in California.

9. On January 27, 1976, the first subscription orders for defendant's NEW WEST MAGAZINE were received. By February 5, 1976 a total of 13,883 subscriptions had been received.

10. On February 9, 1976, defendant's general partner's parent corporation, NYM Corporation, published its February 23, 1976 issue of NEW YORK MAGAZINE which contained a special NEW WEST supplement prominently displaying the NEW WEST logo containing features of the type eventually carried in NEW WEST MAGAZINE.

11. On February 9, 1976, defendant published 10,000 copies of its inaugural edition which were circulated and sold in various West Coast markets during the ensuing month. Defendant's inaugural edition is substantially similar to defendant's later regular editions. It is identical in size, use of color, features, advertising and style to current issues of NEW WEST MAGAZINE.

12. During the period from December 1, 1975 through April 1, 1976, defendant and counterclaimant spent approximately $1,300,000 to advertise and promote its NEW WEST MAGAZINE.

13. Defendant's NEW WEST MAGAZINE is sold primarily through subscriptions and is distributed primarily through the mails. Defendant presently has in excess of 150,000 subscribers, which subscribers account for 75% of the total sales for each issue of the magazine.

C. *Plaintiff's Actions.*

1. The promoters of plaintiff corporation met on October 19, 1975 and decided upon the format for a feature news magazine which they intended to publish. They adopted the name NEW WEST for the proposed magazine during the first week of December, 1975 and incorporated under the name "The New West Corporation" on December 15, 1976.

2. Prior to January 26, 1976, plaintiff had not publicly disclosed its intent to publish a magazine entitled NEW WEST.

3. Prior to January 26, 1976 plaintiff had sold no advertising, solicited no subscriptions from the public, contacted no distributors, and conducted no promotion for its proposed NEW WEST MAGAZINE.

4. Prior to January 20, 1976 plaintiff had not prepared a logo for its proposed magazine.

5. The first public announcement that plaintiff intended to publish a magazine with the name New West was made in an article in the Los Angeles Times on January 26, 1976. Said article was initiated by plaintiff's president after he was aware of defendant's intent to publish a NEW WEST MAGAZINE.

6. Prior to February 5, 1976, plaintiff was aware of defendant's extensive promotional campaign and also aware of defendant's announced intent to publish an inaugural edition in late February, 1976.

7. On February 5, 1976, plaintiff corporation printed 500 copies of a "preview edition" bearing the name "New West." Said preview edition is 16 pages total in length including the cover, is entirely black and white, contains no paid advertising, and contains no original feature articles. The original purpose of the preview edition was to show it to potential advertisers.

8. On February 6 and 7, 1976 plaintiff arranged for the delivery of nine copies of its "preview edition" to two Orange County newsstands.

9. Plaintiff's preview edition was originally scheduled to be printed at a later point in time, but publication was accelerated in an attempt to put it on newsstands prior to any magazine published by defendant.

10. Plaintiff published only one "regular" edition of its NEW WEST MAGAZINE in May, 1976 (though it bears a June 1976 cover date). That issue is 60 pages in length excluding its cover, uses color throughout, contains considerable paid advertising, and features several original articles and stories.

11. In June, 1976 plaintiff publicly announced its intent to suspend the publication of further issues. At that date plaintiff had less than 500 paid subscribers to its NEW WEST MAGAZINE.

## II

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and over the subject matter of the complaint and countercomplaint.

2. Defendant has established its ownership right in the name and trademark NEW WEST as the title of its biweekly magazine.

3. Plaintiff has no ownership interest in the name and trademark NEW WEST as a title to its magazine.

4. Defendant has not infringed upon any rights of plaintiff.

5. Defendant has not unfairly competed with plaintiff.

6. Defendant has not falsely designated the origin of its magazine or falsely described or represented its magazine.

■ 7. Plaintiff's use and threatened use of the name NEW WEST as the title of its magazine is likely to cause public confusion with defendant's trademark NEW WEST and defendant's trade name NEW WEST MAGAZINE.

■ 8. Plaintiff's use of the name NEW WEST as the title of its magazine infringes upon and misappropriates the ownership rights of defendant in the NEW WEST trademark.

9. Plaintiff's use of the name NEW WEST as the title of its magazine infringes upon the NEW WEST trade name owned by defendant.

■ 10. Plaintiff's use of the name NEW WEST as the title of its magazine unfairly competes with defendant in violation of 15 U.S.C. Section 1125(a) and California State law.

Let Judgment be entered accordingly.

## PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

Plaintiff's and defendant's cross-motions for summary judgment in the above-captioned complaint and countercomplaint came on for hearing at 10:00 A.M. on August 23, 1976 before the Hon. Andrew A. Hauk, United States District Judge. Plaintiff and counter-defendant appeared through its attorneys, Jessup & Beecher, by Kenneth D. Beecher. Defendant and counterclaimant appeared through its attorneys, Lillick McHose & Charles, by Kenneth E. Kulzick and Lawrence W. Dam. The Court having duly considered the Memoranda of Points and Authorities and Affidavits filed by the parties and the arguments of counsel, and the Court having determined that there is no genuine issue of material fact

remaining to be tried and that defendant and counterclaimant is entitled to judgment in its favor in accordance with its proposed findings of fact and conclusions of law, and that summary judgment should be entered in defendant's and counterclaimant's favor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. Defendant and counterclaimant NYM has the exclusive ownership of the trademarks and trade name NEW WEST in connection with the sale and distribution of magazines;

2. Plaintiff and counter-defendant's request for injunctive relief is denied;

3. Plaintiff shall take nothing by its complaint and judgment shall be entered in favor of defendants and against plaintiff on the complaint and each and every claim thereof;

4. Plaintiff and counter-defendant, its officers, agents, servants, employees and attorneys and all those persons in active concert or participation with it are hereby permanently enjoined and restrained from:

(a) Using the name "New West Magazine" or the trademarks "New West", "New West Magazine", the "New West Logo", or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify counter-defendant's magazine or advertising services;

(b) Otherwise infringing defendant and counterclaimant's trademark;

(c) Unfairly competing with defendant and counterclaimant NYM in any manner whatsoever; and

(d) Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of defendant and counterclaimant's symbols, labels, or forms of advertisement.

5. Plaintiff and counter-defendant is required to deliver up and destroy all devices, literature, advertising and other materials bearing the infringing designation;

6. Defendant and counterclaimant NYM shall be awarded its money damages as it may subsequently prove at a trial on that issue;

7. Defendant and counterclaimant shall have and recover its costs of suit herein and reasonable attorneys' fees as it may subsequently establish at a hearing on that issue.